IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIAN DESJUAN BISHOP, | § | |
| (ODOC #441892 ) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-15-0871 |
| | § | |
| SHERIFF OF HARRIS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Adrian Desjuan Bishop, an inmate of the Cimarron Correctional Facility in Cushing Oklahoma sued in March 2015, alleging civil rights violations resulting from the failure to notify him of his brother's death. Bishop, proceeding pro se and in forma pauperis, sued the Sheriff of Harris County, a John Doe deputy sheriff, and the Harris County Medical Examiner. The threshold issue is whether Bishop has stated claims on which he may proceed.

Bishop alleges that his brother was murdered while in the Harris County Jail (HCJ). Online research reveals that on April 20, 2014, the body of James Earl Bishop was found in his HCJ cell days after a Harris County jury sentenced him to life in prison for killing his girlfriend's mother. Despite the appearance of suicide—Bishop's brother hung himself with a shoestring—Bishop asserts that his brother would never have committed suicide. The Harris County Sheriff's Office and the Institute of Forensic Science did not release James Earl Bishop's name for more than a week after his death because they had not located his next-of-kin. The identity was confirmed in a custody report sent to the Attorney General's Office. Bishop alleges that the defendants never advised him or his mother where James Earl Bishop was buried.

8/26/15 P:\CASES\prisoner-habeas\2015\15-0871.b02.wpd

Under 28 U.S.C. § 1915A, federal courts are authorized to review as soon as practicable a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Bishop's complaint is governed by § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

A pretrial detainee's rights are protected by the Fourteenth Amendment. *Valencia v. Wiggins,* 981 F.2d 1440, 1445 (5th Cir. 1993); *Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996) ("The protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees such as the plaintiffs."). The Fourteenth Amendment protects pretrial detainees from the imposition of conditions of confinement that constitute "punishment." Online research reveals that Bishop was serving three ten-year sentences following state convictions on March 27, 2012 for arson in the first degree, possession of contraband in jail, and assault and battery on a police officer. Bishop's claims must be reviewed under the Eighth Amendment. *Valencia v. Wiggins,* 981 F.2d 1440, 1445 (5th Cir. 1993).

Construed liberally, Bishop asserts that the defendants were responsible for operating the HCJ and for failing to notify him of his brother's death. He appears to claim that these defendants, who are supervisors, are responsible for any misconduct by their subordinates, because Bishop has not alleged that the named defendants were personally involved in any of the alleged constitutional violations.

Individual liability under § 1983 may not be based on a supervisor's vicarious liability for the acts or omissions of employees. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Supervisory officials may be liable only if their own action or inaction, performed with a certain degree of gross negligence or deliberate indifference, proximately causes a constitutional violation. *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). Bishop's claims that employees at the HCJ acted under the direction of these supervisory defendants are, as a matter of law, insufficient. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978); *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997). A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). In this case, Bishop has alleged no basis for imposing *respondeat superior* liability on the defendants.

Bishop does not allege that these supervisory defendants were aware of and disregarded a substantial risk to his safety. Nor has Bishop alleged facts showing that these defendants were personally involved in the civil rights violations. Bishop has not shown that these defendants had

any involvement in or knowledge of any decision about whether, how, or when to notify James Earl Bishop's next-of-kin of his death.

The action filed by Adrian Desjuan Bishop (#441892) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are denied as moot. The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, 3200 South Kings Highway, Cushing, Oklahoma 74023; and

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on August 26, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge